IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN HAYNES, | § | |
| | § | |
| v. | § | NO. 1:16-CV-46-RC-ZJH |
| | § | |
| TEXAS FARM BUREAU MUTUAL | § | |
| INSURANCE COMPANY, et al. | § | |
| | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management pursuant to General Order 72-1. The court has received and considered Judge Hawthorn's report and recommendation (Doc. No. 29), which recommends granting the motion for summary judgment (Doc. No. 24) filed by Defendants Texas Farm Bureau Mutual Insurance Company, Texas Farm Bureau Underwriters, Texas Farm Bureau Casualty Insurance Company, and Farm Bureau County Mutual Insurance Company of Texas (collectively, "Texas Farm Bureau") and dismissing Plaintiff John Haynes' claims under the Americans with Disabilities Act (the "ADA") and 42 U.S.C. § 1983, as well as converting Texas Farm Bureau's Rule 12(c) motion for a judgment on the pleadings to a Rule 56 motion for summary judgment with respect to Haynes' Rehabilitation Act claim. Haynes has filed objections to the report and recommendation (Doc. No. 35).

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*

*v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Although Haynes filed his objections one day after the fourteen-day objection period, the court chooses to review the report and recommendation *de novo* and concludes that his objections are without merit. Judge Hawthorn recommended granting Texas Farm Bureau's motion for summary judgment with respect to Haynes' claims under the ADA and § 1983. Because Texas Farm Bureau moved for judgment on the pleadings on Haynes' Rehabilitation Act claims, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Judge Hawthorn recommended converting this motion to a Rule 56 motion for summary judgment, in order to consider summary judgment evidence contained outside the face of Haynes' complaint. Doc. No. 29, at 10-11. Judge Hawthorn instructed Haynes to submit evidence demonstrating that Texas Farm Bureau receives federal funding, thus subjecting it to the purview of the Rehabilitation Act, within the same fourteen-day period he was afforded to object to Judge Hawthorn's report. *Id*. at 11.

Haynes did not submit any evidence to establish Texas Farm Bureau receives federal funding, and objects only to Judge Hawthorn's conclusions with respect to Haynes' ADA claims. Doc. No. 35, at 3-4. In his report, Judge Hawthorn concluded that while there was a genuine dispute of material fact as to whether Haynes was treated as an employee by Texas Farm Bureau (Doc. No. 29, at 5-7), Haynes failed to create a genuine dispute as to whether Texas Farm Bureau denied Haynes a reasonable accommodation for his disability, an arthritic condition called ankylosing spondylitis. *Id*. at 7-9.

In his objections, Haynes argues that Texas Farm Bureau's statement that Haynes was free to set his own work schedule and hours was "mere pretense," and instead Texas Farm Bureau "dictated to [Haynes] his work as an agent." Doc. No. 35, at 3-4. Haynes does not specify which

summary judgment evidence supports his conclusion that this accommodation was a pretense, instead merely asserting that "[a] reasonable trier of fact could look at the evidence, which tends to show [Texas Farm Bureau's] extensive control of Plaintiff's work throughout his career, and determine that [Texas Farm Bureau] did not reasonably accommodate or intend to accommodate Plaintiff's disability before terminating his position." *Id*. at 4.

Haynes appears to confuse the two separate legal issues within his ADA claim. While evidence of Texas Farm Bureau's "control" over Haynes' work supports Haynes' assertion that he was treated as an employee, this evidence does not support the conclusion that Texas Farm Bureau denied Haynes a reasonable accommodation. As Judge Hawthorn observed in his report, Haynes requested an accommodation for his arthritic condition on April 23, 2015, specifically requesting the ability to refrain from working nights or weekends, consistent with his rheumatologist's recommendations. Doc. No. 25, ex. U. In response to this request, John Stephens, Texas Farm Bureau's Vice President of Legal & Compliance, indicated that while he believed that the ADA did not apply to Haynes, due to Texas Farm Bureau's position that Haynes was an independent contractor, and not an employee, Haynes was free to set his own hours. *Id*., ex. F at 1. Haynes' objection to Judge Hawthorn's report fails to identify any new evidence in the record to suggest that Stephens' response was a pretense, or that Texas Farm Bureau did not actually provide that accommodation once Haynes requested it.

Accordingly, the objections filed by Haynes are overruled and the report and recommendation of the magistrate judge is **ADOPTED**. Haynes' claims under the ADA, Rehabilitation Act and § 1983 are dismissed with prejudice. The court declines to exercise supplemental jurisdiction over Haynes' state law claims for breach of contract, fraud, unjust enrichment, conspiracy, violations of section 541.054 of the Texas Insurance Code, tortious

3

interference and estoppel, and those claims are dismissed without prejudice to Haynes' ability to reassert these claims in state court. *See* 28 U.S.C. § 1367(c)(3). All pending motions in this matter are denied and the Clerk of Court is directed to close this case. A final judgment will be entered separately.

**So Ordered and Signed**
**Mar 10, 2017**

_____
Ron Clark, United States District Judge